FILED
SUPERIOR COURT
OF GUAM

2019 MAY 24 PM 4: 42

CLERK OF COURT
BY ___/bn/___

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| GOVERNMENT OF GUAM, MICHAEL J. B. BORJA, in his capacity as Director of Land Management,<br><br>Plaintiff,<br><br>AND<br><br>GUAM WATERWORKS AUTHORITY, a Guam Public Corporation,<br><br>Plaintiff-Intervenor,<br><br>vs.<br><br>CORE TECH INTERNATIONAL CORPORATION, YOUNEX ENTERPRISES CORPORATION,<br><br>Defendants. | Superior Court Case No. **CV1198-18**<br><br>**DECISION AND ORDER RE MOTION TO QUASH** |

The Court here considers Defendant Core Tech International Corporation's Motion to Quash, heard on May 20, 2019. Having considered the parties arguments and applicable law, the Court DENIES the Motion to Quash.

The Government of Guam and Director of Land Management ("DLM") seek to amend, cancel, and rescind all Certificates of Title pertaining to lots allegedly owned by Defendants, due to mistakes made by DLM in issuing the certificates. Pet. to Cancel and Amend Cert. of Title

# ORIGINAL

(Dec. 17, 2018). Guam Waterworks Authority has intervened claiming to be the owner and operator of some of the lots implicated in the Government's petition. Mot. to Intervene at 2-3 (Mar. 22, 2019); Pet. Quiet Title. (Apr. 17, 2019). Core Tech and GWA have agreed to mediation, which the Government also expects to join, but GWA inserts the caveat that the deposition of Core Tech's in-house counsel and vice-president, Edwin K.W. Ching, must proceed as scheduled prior to the mediation.

Core Tech, however, moves to quash the Government's deposition subpoena of Ching "because the only information he possesses about Plaintiff's claims is protected from disclosure by the attorney-client privilege and attorney work-product doctrine...." Mot. to Quash at 1-2 (Apr. 26, 2019). The Government counters that it seeks Mr. Ching's testimony not as an attorney but as a material witness. Opp'n to Mot. to Quash at 7 (May 3, 2019). It wants to know: "What did Core Tech know about GWA's interest in the land in question and when did it know it?" Opp'n to Mot. to Quash at 2. It is "interested in the facts of what Mr. Ching did when he requested the [Certificates of Title], spoke to DLM personnel, and conducted the foreclosure sale. It will not ask about his mental impressions or Core Tech's litigation strategy." Opp'n to Mot. to Quash at 7. The Government offers letters written by Ching to various government agencies concerning the property at issue.

Guam Rule of Evidence 504(c) recognizes the attorney-client privilege on Guam. The attorney-client privilege protects "confidential communications made by a client to an attorney to obtain legal services," *Clarke v. American Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992), and generally extends to the substance of the client's communication, the attorney's advice in response, and any papers prepared at the attorney's request for the purpose of advising

ORIGINAL

the client. *Matter of Fischel*, 557 F.2d 209, 211-12 (9th Cir. 1977). The party asserting the privilege has the burden to demonstrate the privilege applies to the information in question. *U.S. v. Hirsh*, 803 F.2d 493, 496 (9th Cir. 1988). The Court also notes that the privilege suppresses information, and thus its operation "must be assiduously heeded. Put another way, the privilege must be strictly limited to the purpose for which it exists." *DiCenzo v. Izawa*, 723 P.2d 171, 176 (Haw. 1986).

Unlike an outside counsel, an in-house attorney may play dual roles. Ching falls into this category. His correspondence with the Government discusses not just his legal opinion, but also details on Core Tech's anticipated use of the property. Not all of his conclusions in his letters pertain to pure legal work, and they also are not privileged by their very nature. The Court cannot quash his deposition in full because Ching's communications demonstrate he may have relevant knowledge beyond his legal role. Instead, the Court must allow the deposition to proceed, during which Core Tech may assert the privilege when applicable, and then decide which specific questions enjoy protection under the attorney-client privilege.

This extends to Core Tech's assertion of the attorney work-product doctrine. The doctrine "shelter[s] the mental process of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 238-39 (1975). The documents referenced by the Government are not attorney work product, and the Government may pose questions to Ching about these documents. In the deposition, further documents may be subject to the protections as attorney work-product, but no such documents are presently before the Court.

ORIGINAL

Finally, Core Tech contends that the areas in which the Government seek to depose Ching fall outside of the Government's claims. Because GWA also seeks Ching's deposition, all parties will participate in mediation, and efficiency demands this case and discovery proceed with all parties present, Core Tech's argument fails.

The Court finds the Government and GWA may depose Mr. Ching and therefore DENIES Core Tech's Motion to Quash.

SO ORDERED this 24th day of May 2019.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
AG's ofc.; K. Clark;
V. LeonGuerrero; V. Williams
Date: 5/24/19  Time: 4:45pm
_____
:ty Clerk, Superior Court of Guam

Appearing Attorneys:
David J. Highsmith, Assistant Attorney General, for the Government of Guam and the Director of Land Management
Kelly Clark, Esq., Guam Waterworks Authority, and Vincent Leon Guerrero, Esq., Law Office of Vincent Leon Guerrero, for Guam Waterworks Authority
Vanessa L. Williams, Esq., Law Office of Vanessa L. Williams, for Core Tech International Corporation

ORIGINAL